NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

EBRIHAM ALSHAMMARI, *Appellant*.

No. 1 CA-CR 24-0651

FILED 05-21-2026

Appeal from the Superior Court in Maricopa County
No. CR2023-106970-001
The Honorable Utiki Spurling Laing, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

The Susser Law Firm, PLLC, Chandler
By Adam Susser
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Andrew J. Becke delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Kent E. Cattani joined.

**B E C K E**, Judge:

**¶1**　　　　This is an appeal filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Ebrahim Alshammari has advised this court that he found no arguable question of law and asks us to search the record for reversible error. Alshammari was convicted of one count of aggravated driving or actual physical control while under the influence of drugs ("DUI"), impaired to the slightest degree, and one count of aggravated DUI while his license to drive was suspended, both Class 4 felony offenses. Alshammari was given an opportunity to file a supplemental brief; he has not done so. After reviewing the record, we affirm Alshammari's convictions and sentences.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**　　　　We view the facts in the light most favorable to sustaining the convictions and resolve all reasonable inferences against Alshammari. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

**¶3**　　　　On March 19, 2022, an officer with the Tempe Police Department responded to a report of a male passed out inside a vehicle. When the officer arrived, he found a vehicle with its headlights and brake lights on, the dash lights illuminated, and the keys in the ignition. He could hear the engine idling, the car was in drive, and the tires were facing the road. Alshammari was sitting in the driver's seat slumped over the steering wheel.

**¶4**　　　　The officer began a DUI investigation and contacted a traffic officer to assist. When the traffic officer arrived, he saw that Alshammari was swaying, could not stand still, and had a coarse voice, which the officer believed could be due to drug use. Based on Alshammari's presentation and results of field testing, he was handcuffed and transported for a blood draw. Alshammari was charged with two counts of aggravated DUI, both Class 4 felonies.

¶5        At trial, the State presented testimony from the forensic toxicologist who tested Alshammari's blood, a phlebotomist who drew his blood, two law enforcement officers involved in Alshammari's case, and the Arizona Motor Vehicle Division ("MVD") custodian of records. The forensic toxicologist testified that Alshammari's blood contained methamphetamine and amphetamine. The MVD custodian of records affirmed that Alshammari's license was suspended on the date of the offense and that he had been mailed notice of the suspension.

¶6        The jury found Alshammari guilty as charged. The trial court conducted the sentencing hearing in compliance with Alshammari's constitutional rights and Arizona Rule of Criminal Procedure 26. The parties stipulated that Alshammari had two prior felony convictions. The court considered the mitigating factors of Alshammari's family support, mental health history, and substance abuse history. It also considered the aggravating factors of his criminal history and that he was on release.

¶7        The court sentenced Alshammari to the presumptive term of 10 years in prison with 610 days of presentence incarceration credit in both counts, to run concurrently. The court also imposed fines and fees totaling $4,684.

## DISCUSSION

¶8        Our review reveals no reversible error. *See Leon*, 104 Ariz. at 300. All proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. Alshammari was represented by counsel at all stages of the proceedings, and he was present at all critical stages. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages).

¶9        The jury was properly comprised of eight jurors and two alternates, and the record shows no evidence of juror misconduct. *See* A.R.S. § 21-102; Ariz. R. Crim. P. 18.1(a). The superior court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Alshammari's presumption of innocence. At sentencing, Alshammari was given an opportunity to speak, and the court stated on the record what it considered in imposing the sentence. *See* Ariz. R. Crim. P. 26.9, 26.10. The sentences imposed were within the statutory limits. *See* A.R.S. § 13-703(J); § 28-1383(A)(1). The court properly advised Alshammari of his right to appeal, right to petition for post-conviction relief, and right to file an application to set aside the judgment. *See* Ariz. R. Crim. P. 26.11.

**CONCLUSION**

**¶10**      We affirm Alshammari's convictions and sentences. Unless defense counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review, his obligations regarding Alshammari's appeal will end after informing him of the outcome of this appeal and his future options. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).

**¶11**      Alshammari has 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review to the Arizona Supreme Court. *See* Ariz. R. Crim. P. 31.21(b)(2)(A).



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:            JR